# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

---

## CONCISE SUMMARY OF THE CASE

Pursuant to 3rd Cir. LAR 33.3, counsel are required to file a concise summary of the case within **14** days of the date of docketing of the Notice of Appeal. Total statement is limited to no more than 2 pages, single-spaced. Counsel may utilize this form or attach a 2 page statement encompassing the information required by this form.

SHORT CAPTION: Barragan v. Honeywell International Inc.

USCA NO.: 25-2609

LOWER COURT or AGENCY and DOCKET NUMBER:
District of New Jersey Case No. 2:24-cv-04529-EP-JRA

NAME OF JUDGE: Hon. Evelyn Padin

Specify who is suing whom, for what, and the subject of this action. Identify (1) the nature of the action; (2) the parties to this appeal; (3) the amount in controversy or other relief involved; and (4) the judgment or other action in the lower court or agency from which this action is taken:

Plaintiff-Appellant Luciano Barragan sued Defendant-Appellee Honeywell International Inc. on behalf of the Honeywell 401(k) Plan ("Plan") seeking to recover losses to the Plan resulting from Defendant's breaches of fiduciary duty and self-dealing in violation of the Employee Retirement Income Security Act ("ERISA"). Plaintiff appeals the district court's order dismissing his claims under FRCP 12(b)(6).

LIST and **ATTACH** a copy of each order, judgment, decision or opinion which is involved in this appeal. If the order(s) or opinion(s) being appealed adopt, affirm, or otherwise refer to the report and recommendation of a magistrate judge or the decision of a bankruptcy judge, the report and recommendation or decision shall also be attached.
Opinion and order dated August 18, 2025
Opinion and order dated December 19, 2024

Provide a short statement of the factual and procedural background, which you consider important to this appeal:

Plaintiff alleges that Honeywell breached its fiduciary duties of loyalty and prudence and engaged in prohibited self-dealing when, year after year, it decided to to reallocate all forfeited Plan assets to reduce its contributions to the Plan rather than defray the expenses of the Plan charged to participants' accounts.

Identify the issues to be raised on appeal:

1. Whether the district court erred in dismissing Plaintiff's breach of fiduciary duty claims where, under the particular facts and circumstances alleged, acting in the participants' best interests required Honeywell to choose to use forfeited Plan assets to defray the Plan's costs charged to participants' accounts rather than offset its own contributions owing to the Plan.

2. Whether the district court erred in dismissing Plaintiff's self-dealing claim for lack of a transaction where the statute does not by its terms require a transaction and where Plaintiff alleged that Honeywell used assets in the Plan as a credit toward its debt obligation to make contributions to the Plan.

This is to certify that this Concise Summary of the Case was electronically filed with the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each party or their counsel of record

this __22__ day of __August__,20__25__.

/sKye D. Pawlenko

_____

Signature of Counsel

Rev. 07/2015

**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUCIANO BARRAGAN, individually and as a representative of a class of participants and beneficiaries on behalf of the Honeywell 401(k) Plan,<br><br>    Plaintiff,<br><br>    v.<br><br>HONEYWELL INTERNATIONAL INC., and DOES 1 to 10 inclusive,<br><br>    Defendants. | No. 24cv4529 (EP) (JRA)<br><br>**ORDER** |

Defendant Honeywell International Inc. moves to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). D.E. 75 ("Motion"). Having reviewed the parties' submissions and all other relevant items on the docket, and having determined that oral argument is not necessary,

**IT IS**, on this 18th day of August 2025, for the reasons set forth in the accompanying Opinion,

**ORDERED** that Defendant's Motion, D.E. 75, is **GRANTED**; and it is further

**ORDERED** that due to the futility of amendment, Plaintiff's Amended Complaint is **DISMISSED** *with prejudice*; and it is finally

**ORDERED** that the Clerk of Court shall mark this case **CLOSED**.

Evelyn Padin, U.S.D.J.

**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUCIANO BARRAGAN, individually and as a representative of a class of participants and beneficiaries on behalf of the Honeywell 401(k) Plan,<br><br>          Plaintiff,<br><br>     v.<br><br>HONEYWELL INTERNATIONAL INC., and DOES 1 to 10 inclusive,<br><br>          Defendants. | No. 24cv4529 (EP) (JRA)<br><br>**OPINION** |

**PADIN, District Judge.**

Plaintiff Luciano Barragan ("Barragan") brings this putative class action against his former employer, Honeywell International Inc. ("Honeywell"), for alleged ERISA[1] violations when Honeywell used "forfeited" employer contributions to a retirement plan to reduce employer contributions rather than to defray administrative costs. D.E. 72 ("Amended Complaint" or "Am Compl."). Honeywell moves to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6). D.E. 75 ("Motion" or "Mot"). The Court decides the Motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the following reasons, the Court will **GRANT** Honeywell's Motion and **DISMISS** the Amended Complaint *with prejudice*.

---

[1] Employee Retirement Income Security Act 29 U.S.C. 1001, *et. seq.*

## I.   BACKGROUND[2]

The allegations in the Amended Complaint are substantially similar to those in the Initial

Complaint, D.E. 1, and the Court refers to its Prior Opinion, D.E. 70, for a full factual background.

The Court briefly summarizes the relevant facts here.

Honeywell is an engineering and technology company that sponsors and administers a

401(k) plan (the "Plan"). Am. Compl. ¶¶ 3, 6; Mot., Ex A (the "Plan"). The Plan is a defined

contribution, individual account, employee pension benefit plan subject to ERISA. Am. Compl. ¶

4. Under ERISA, an individual account or defined benefit plan "provides for an individual account

for each participant and for benefits [based] solely upon the amount contributed to the participant's

account, and any income, expenses, gains and losses, and any forfeiture of accounts of other

participants which may be allocated to such participant's account." *Id.* ¶ 13 (quoting 29 U.S.C. §

1002(34)). The Plan is funded by both wage withholdings of participants and company

contributions. *Id.* ¶ 12. The Plan's administrative expenses are paid through direct charges to Plan

participants' accounts. *Id.* ¶ 14.

Plan participants "are immediately vested in their own contributions and earnings thereon,"

while Honeywell's contributions are subject to a three-year vesting period. *Id.* ¶ 16. When a

participant has a break in service prior to full vesting of Honeywell's matching contributions, the

unvested contributions are forfeited and Honeywell, in its discretion, decides how the Plan assets

are reallocated. *Id.* ¶ 17.

The Plan gives Honeywell "options" as to how to reallocate forfeitures, including but not

limited to defraying administrative expenses of the Plan; reducing Honeywell's contributions to

---

[2] The facts in this section are taken from the well-pled factual allegations in the Amended
Complaint, which the Court presumes to be true for purposes of resolving the Motion. *See Ashcroft
v. Iqbal*, 556 U.S. 662, 678 (2009).

2

the Plan; and correcting errors made in allocating amounts to participants' accounts and restoring participants' accounts. *Id.* ¶¶ 18-20. Using forfeitures to defray administrative expenses is in the Plan participants' best interests because it reduces or eliminates the administrative expenses deducted from their accounts. *Id.* ¶ 21. However, using forfeitures to reduce Honeywell's contributions to the Plan is in Honeywell's best interest because it saves the company money. *Id.* ¶ 22. Barragan alleges that Honeywell—who has a conflict of interest in choosing between available options that it stands to benefit from financially—failed to investigate which available option was in the best interest of Plan participants. *Id.* ¶¶ 23-24. In doing so, Honeywell acted in its own self-interest by using all forfeitures to reduce its own contributions. *Id.* ¶ 28.

## II.    PROCEDURAL HISTORY

On February 13, 2024, Barragan initiated this lawsuit, seeking to represent a class of participants and beneficiaries of the Plan in challenging Honeywell's usage of forfeited contributions from 2018 through 2022. *See* Initial Complaint. Barragan raised five claims under ERISA: (1) breach of the fiduciary duty of loyalty, 29 U.S.C. § 1104(a)(1)(A); (2) breach of the fiduciary duty of prudence, 29 U.S.C. § 1104(a)(1)(B); (3) breach of the anti-inurement provision, 29 U.S.C. § 1103(c)(1); (4) prohibited transactions between the plan and a party in interest, 29 U.S.C. § 1106(a)(1); and (5) prohibited transactions by the fiduciary dealing in assets of the plan in its own interest, 29 U.S.C. § 1106(b)(1). *Id.* ¶¶ 29-57.

Honeywell moved to dismiss the Initial Complaint, arguing that its discretionary decision to use forfeitures to pay administrative costs did not violate the Plan terms or ERISA's fiduciary provisions. *See* D.E. 45. In briefing, both parties relied on out-of-circuit, non-precedential opinions to support their positions. Prior Opinion at 7-8. In the absence of binding authority, the Court adopted the persuasive reasoning in *Hutchins v. HP Inc.*, 737 F. Supp. 3d 851, 862 (N.D.

3

Cal. 2024), which found the theory of liability proffered by Barragan to be overly broad. *Id.* at **8-9**. It then dismissed *without prejudice* Barragan's Initial Complaint. D.E. 71.

The Amended Complaint followed, again alleging a breach of fiduciary duty of loyalty (Count I); breach of fiduciary duty of prudence (Count II), and self-dealing under 29 U.S.C. § 1106(b) (Count III). Am. Compl. ¶¶ 42-60. Honeywell now moves to dismiss the Amended Complaint. Mot. Barragan opposes. D.E. 77 ("Opp'n"). Honeywell replies. D.E. 78 ("Reply").

## III.   LEGAL STANDARD

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court accepts all well-pleaded facts as true, construes the complaint in the plaintiff's favor, and determines "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal marks omitted). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 677-78 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss, the plaintiff's claims must be facially plausible, meaning that the well-pleaded facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In deciding the motion, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

#### IV.    ANALYSIS

##### A.    Barragan Again Fails to Allege Honeywell Breached Fiduciary Duties

A claim for fiduciary breach has three elements: "(1) a plan fiduciary (2) breaches an ERISA-imposed duty (3) causing a loss to the plan." *Leckey v. Stefano*, 501 F.3d 212, 225-26 (3d Cir. 2007), *as amended* (Dec. 21, 2007). The Court's Prior Opinion found that Barragan adequately alleged that Honeywell acted as a fiduciary. Prior Opinion at 4-6. The Court adopts that ruling, which Honeywell does not dispute. With respect to the second element, ERISA imposes a duty of loyalty, *see* § 1104(a)(1)(A), and a duty of prudence, *see* § 1104(a)(1)(B).

In accordance with the duty of loyalty, a fiduciary must "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries," "provid[e] benefits to participants and their beneficiaries," and "defray[] reasonable expenses of administering the plan." § 1104(a)(1)(A). ERISA fiduciaries are also held to the "prudent man" standard of care, which requires fiduciaries to exercise "the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." § 1104(a)(1)(B). Furthermore, fiduciaries are required to discharge their duties with respect to a plan "in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of [ERISA]." § 1104(a)(1)(D).

The Plan authorizes Honeywell's decision to "defray administrative expenses of the Plan" through application of forfeited amounts. Plan § 7.3. The Plan also mandates that "[a]ll costs and expenses of administering the Plan . . . shall be borne by the Participants and paid from their Accounts in the Plan." *Id.* § 14.5. Barragan does not dispute this. And in reviewing the Amended Complaint against the Initial Complaint, Barragan does not add allegations that Plan participants

received less than their full promised contributions; instead, he further details Honeywell's purported conflict of interest and the resulting reduction in Plan contributions due to Honeywell's reduction of its own contribution costs. Am. Compl. ¶¶ 23-29, 52-54. Barragan's second bite at the apple, therefore, turns on a slight variation of the same legal theory this Court already found implausible: when a fiduciary has the discretion to allocate forfeitures, ERISA requires it to choose the "best" option for Plan participants. Opp'n at 2. The parties again do not cite any binding authority addressing this theory, nor has the Court found any.

Honeywell implores this Court to follow the holding in *Hutchins v. HP Inc.*, 2025 WL 404594 (N.D. Cal. Feb. 5, 2025) ("*Hutchins II*"), the decision following the one this Court previously found persuasive and adopted. Prior Opinion at 8 (citing *Hutchins*, 737 F. Supp. 3d at 862) ("Plaintiff's theory of liability has broad reach, and it is the theory's breadth that makes it implausible."). The Court in *Hutchins II* again rejected plaintiff's theory of liability, finding "under Plaintiff's theory, in every plausible instance where HP, as fiduciary, would be given the option between using forfeited funds to pay administrative costs or reduce employer contributions, the fiduciary would always be required to choose to pay administrative costs. That result would be contrary to the Plan and to ERISA." 2025 WL 404594, at *5.

Barragan asks the Court to follow, among others, a different decision in that same district: *McManus v. Clorox Co.*, No. 23-5325, 2025 WL 732087, at *4 (N.D. Cal. Mar. 3, 2025) ("*McManus II*") ("Plaintiff's argument that defendants were motivated solely by self-interest and conducted no reasoned and impartial decision-making process is plausible given that no other justification is readily apparent. This is sufficient for the Court to infer that defendants are liable for the misconduct alleged because courts look to motivation for loyalty claims and the thoroughness of an investigation for prudence claims."). But as the court in *McManus II* observed,

the theory put forth by Barragan "presents a novel interpretation of ERISA on which there is no binding authority. Reasonable minds can differ, and several district courts do." *Id.* at \*1.

Reasonable minds do differ, and this Court already found that Barragan's theory was too broad in reach. Prior Opinion at 8. Barragan provides no reason for the Court to change course. Barragan's theory effectively imposes a new mandate: even though Honeywell has discretion on how to use forfeitures, because defraying administrative costs is not in the "participants' best interests," as compared to other Plan options, it could *never* be the appropriate selection. Opp'n at 9. In doing so, Barragan argues that Honeywell "effectively intended to create an additional benefit: that in any year in which there were forfeitures, those forfeitures would first be used to reduce administrative expenses for individual Plan participants." *Hutchins II*, 2025 WL 404594, at \*4. That is not what the plain terms of the Plan state. Plan § 7.3. Such a theory would result in an override of § 14.5 of the Plan, mandating that administrative costs are to be borne by Plan participants.[3]

The Court declines to implement this position, because "ERISA does not create an exclusive duty to maximize pecuniary benefits," *Collins v. Pension & Ins. Comm. of So. Cal. Rock Prods. & Ready Mixed Concrete Ass'ns*, 144 F.3d 1279, 1282 (9th Cir. 1998) (per curiam), and "[i]nstead, the fiduciary duty is fulfilled where the fiduciary ensures that participants have received their promised benefits," *Hutchins II*, 2025 WL 404594, at \*5 (citing *Foltz v. U.S. News & World Rep., Inc.*, 865 F.2d 364, 373 (D.C. Cir. 1989)). As Honeywell points out, Barragan makes no allegations that Honeywell failed to abide by the Plan or that any participant received less than promised. Mot. at 21. The Plan participants received all benefits promised and Honeywell adhered

---

[3] Section 14.5 of the Plan indicates Honeywell's intent as settlor in determining how expenses are paid, while Section 7.3's discretionary power in how to allocate forfeitures falls to Honeywell as the Plan's fiduciary. *See Hutchins II*, 2025 WL 404594, at \*4.

to the Plan's provisions, consistent with ERISA's "requirement that fiduciaries act 'in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter.'" *Fifth Third Bancorp. v. Dudenhoeffer*, 573 U.S. 409, 421 (2014) (quoting § 1104(a)(1)(D)). Moreover, the Court fails to see how selection of an option afforded to Honeywell in its discretion, without more, constitutes a "conflict of interest." Am. Compl. ¶ 23; *see Kopp v. Klein*, 894 F.3d 214, 222 (5th Cir. 2018) ("[T]he potential for a conflict, without more, is not synonymous with a plausible claim of fiduciary disloyalty."). Accordingly, the Court finds that Barragan again fails to state a breach of duty of loyalty claim.

As to a purported breach of duty of prudence, Barragan alleges that Honeywell "utilized an imprudent and flawed process" and "failed to undertake any reasoned and impartial decision-making process to determine that using the forfeitures in the Plan to reduce the Company's own contribution expenses, as opposed to the Plan's administrative expenses deducted from participants' accounts, was in the best interest of the participants or was prudent, and failed to consider whether participants would be better served by another use of these Plan assets after considering all relevant factors." Am. Compl. ¶ 52. Barragan again asks the Court to follow the decision in *McManus II*, Opp'n at 11, while Honeywell avers that *Hutchins II* should govern, Mot. at 26; the undersigned opts for the latter.

Barragan's Amended Complaint does not change the alleged breach of the duty of prudence; it still boils down to alleging that Honeywell necessarily committed misconduct in its fiduciary capacity by not using forfeitures in Barragan's preferred manner. Barragan wraps this theory up in allegations that the misconduct involves Honeywell's purported failure to investigate what the best use of the forfeitures was, Opp'n at 11, but functionally, what he contends is that "forfeitures must always be used to pay Plan participants' administrative expenses before they can

8

be allocated to reducing a company's matching contributions." *Hutchins II*, 2025 WL 404594, at *7. Section 14.5 of the Plan mandates that administrative costs are borne by participants and Section 7.3 affords Honeywell the discretion on how to use forfeitures, including to defray administrative costs. Absent allegations that participants were deprived of benefits to which they were entitled under the Plan, Barragan "fails to plausibly allege that a 'proper' investigation would have led to a different outcome." *Hutchins II*, 2025 WL 404594, at *7. The Court will dismiss this claim as well.

### B.   Barragan Again Fails to Allege a Claim Under § 1106(b)(1)

Section 1106(b)(1) prohibits a fiduciary from "deal[ing] with the assets of the plan in his own interest or for his own account." This prohibition applies "regardless of whether the transaction is 'fair' to the plan." *Reich v. Compton*, 57 F.3d 270, 288 (3d Cir. 1995). The purpose of Section 1106(b) is to "prevent[] a fiduciary from being put in a position where he has dual loyalties and, therefore, he cannot act exclusively for the benefit of a plan's participants and beneficiaries." *Id.* at 287 (quoting H.R. Conf. Rep. No. 93-1280, 93rd Cong., 2d Sess. (1974), *reprinted in* 1974 U.S.C.C.A.N. 5038, 5089). Barragan argues that Honeywell violated § 1106(b)(1) because it used "Plan assets as a substitute for Honeywell's own contributions owing to the Plan, thereby saving the Company millions of dollars in contribution costs[.]" Am. Compl. ¶ 58.

The Court previously dismissed Barragan's claims for prohibited transactions under §§ 1106(a)(1) and (b)(1). Prior Opinion at 11. In finding that Barragan failed to allege a transaction between the Plan and another party, it relied on the Supreme Court's holding in *Lockheed Corp. v. Spink*, 517 U.S. 882, 888 (1996) that "the payment of benefits in exchange for the performance of some condition by the employee is not a 'transaction' within the meaning of § 406(a)(1)." *Id.* As

9

such, "in order to allege a violation of either § 1106(a)(1) or (b)(2), the Complaint must allege an unlawful transaction." Prior Opinion at 12. Barragan again has not done so here.

Barragan seizes the Court's prior observation that he failed to identify any binding authority holding that no transaction needs to be pled for a § 1106(b)(1) claim as an invitation to try the theory again. Opp'n at 20-21. He argues that the Court should not "read-in" Section 1106(a)(1)'s transaction requirement into Section 1106(b)(1) based on the statute's plain text. *Id.* But the Court fails to see how *Lockheed* would not also apply to Section 1106(b)(1), when the Supreme Court "has interpreted *§ 1106* to "prohibit [] fiduciaries from involving the plan and its assets in certain kinds of business deals." *Wright v. Oregon Metallurgical Corp.*, 360 F.3d 1090, 1100 (9th Cir. 2004) (quoting *Lockheed*, 517 U.S. at 888)) (emphasis added). And here, again, Barragan "fail[s] to identify any transaction that falls within § 1106(a)(1) or (b)." *Id.* at 1101. Accordingly, the Court will dismiss this claim.

As Barragan has already been afforded an opportunity to amend, and it is clear survival of his claims hinges on the Court adopting a non-binding legal theory it has found to be unpersuasive, the Amended Complaint's dismissal will be *with prejudice*. *See Phillips*, 515 F.3d at 236.

## V. CONCLUSION

For the above reasons, the Court will **GRANT** Honeywell's Motion, D.E. 75, and **DISMISS** the Amended Complaint, D.E. 72, *with prejudice*. An appropriate Order follows.

Dated: August 18, 2025

Evelyn Padin, U.S.D.J.

**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LUCIANO BARRAGAN, individually and as
a representative of a class of participants and
beneficiaries on behalf of the Honeywell
401(k) Plan,

        Plaintiff,

        v.

HONEYWELL INTERNATIONAL INC.,
and DOES 1 to 10 inclusive,

        Defendants.

No. 24cv4529 (EP) (JRA)

**OPINION**

**PADIN, District Judge.**

Plaintiff Luciano Barragan ("Barragan") brings this putative class action against his former employer, Honeywell International Inc. ("Honeywell"), for alleged ERISA[1] violations when Honeywell used "forfeited" employer contributions to a retirement plan to reduce employer contributions rather than to pay administrative costs. D.E. 1 ("Complaint" or "Compl."). Honeywell moves to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6). D.E. 45 ("Motion"), 45-1 ("Br."). The Court decides the Motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78(b). For the following reasons, the Court will **GRANT** Honeywell's Motion and **DISMISS** the Complaint ***without prejudice***.

---

[1] Employee Retirement Income Security Act.

## I.  BACKGROUND[2]

Honeywell is a global technology and manufacturing company that sponsors and administers a 401(k) plan (D.E. 45-3, the "Plan").[3]  Compl. ¶ 5.  The Plan is a defined contribution, individual account, employee pension benefit plan subject to ERISA.  *Id.* ¶ 4.  Under ERISA, an individual account or defined benefit plan "provides for an individual account for each participant and for benefits based solely upon the amount contributed to the participant's account, and any income, expenses, gains and losses, and any forfeitures of accounts or other participants which may be allocated to such participant's account."  *Id.* ¶ 11 (quoting 29 U.S.C. § 1002(34)).  The Plan is funded by both wage withholdings of participants and company contributions.  *Id.* ¶ 10.  The Plan's administrative expenses are paid through direct charges to Plan participants' accounts.  *Id.* ¶ 12; Plan § 14.5.

Plan participants "are immediately vested in their own contributions and earnings thereon," while Honeywell's contributions are subject to a three-year vesting period.  Compl. ¶ 14; Plan §§ 7.1-2.  When a participant has a break in service prior to full vesting of Honeywell's matching contributions, the participant forfeits the balance of Honeywell's unvested matching contributions in the participant's individual account.  Compl. ¶ 15; Plan § 7.3.  These unvested contributions are the "forfeited" amounts.  Compl. ¶ 15.  The Plan provides that:

> Forfeited amounts may be applied to reduce subsequent Employer Matching Contributions, Discretionary Supplemental Employer Contributions, Qualified

---

[2] The facts in this section are taken from the well-pled factual allegations in the Complaint, which the Court presumes to be true for purposes of resolving the Motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] The Court may consider the Plan as an indisputably authentic document that is explicitly relied upon and integral to the Complaint.  *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case." (cleaned up)).

Nonelective Contributions, or Qualified Matching Contributions provided for under the Plan, to defray administrative expenses of the Plan, to correct errors made in allocating amounts to Participants' Accounts, to restore Participants' Accounts in accordance with this Section, or for any other purpose permitted under IRS rules.

Plan § 7.3.  Barragan alleges that Honeywell used forfeited matching contributions "solely to reduce Company contributions to the Plan."  Compl. ¶ 17.

## II.    PROCEDURAL HISTORY

On February 13, 2024, Barragan initiated this lawsuit, seeking to represent a class of participants and beneficiaries of the Plan in challenging Honeywell's usage of forfeited contributions from 2018 through 2022.  *See id.* ¶¶ 18-22, 25.  Barragan raises five claims under ERISA: (1) breach of the fiduciary duty of loyalty, 29 U.S.C. §1104(a)(1)(A); (2) breach of the fiduciary duty of prudence, 29 U.S.C. § 1104(a)(1)(B); (3) breach of the anti-inurement provision, 29 U.S.C. § 1103(c)(1); (4) prohibited transactions between the plan and a party in interest, 29 U.S.C. § 1106(a)(1); and (5) prohibited transactions by the fiduciary dealing in assets of the plan in its own interest, 29 U.S.C. § 1106(b)(1).  Compl. ¶¶ 29-57.  Honeywell now moves to dismiss the Complaint.  Mot.  Barragan opposes.  D.E. 49 ("Opp'n").  Honeywell replies.  D.E. 52 ("Reply").[4]

## III.   LEGAL STANDARD

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court accepts all well-pleaded facts as true, construes the complaint in the plaintiff's favor, and determines "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal marks omitted).  Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "'short and plain

---

[4] The Court has also considered Barragan's notice of supplemental authority, D.E. 55, and Honeywell's response, D.E. 57.

statement of the claim showing that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 677-78 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss, the plaintiff's claims must be facially plausible, meaning that the well-pleaded facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In deciding the motion, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Finally, "[c]ourts may also consider documents integral to or explicitly relied upon in the complaint or any undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Mator v. Wesco Distribution, Inc.*, 102 F.4th 172, 178 (3d Cir. 2024) (cleaned up).

## IV.    ANALYSIS

### A.    The Complaint Alleges Honeywell Acted as a Fiduciary

Honeywell argues that Barragan fails to establish ERISA's threshold requirement that Honeywell acted as a fiduciary when deciding how to allocate forfeited amounts because such decisions were made in Honeywell's settlor capacity, not fiduciary capacity. Br. at 19-21. Barragan counters that "decisions made while administering, as opposed to designing, a plan may trigger fiduciary duties." Opp'n at 12. The Court agrees with Barragan.

The threshold question in cases charging breaches of ERISA fiduciary duties is whether "the actions of some person employed to provide services under a plan" was acting as a fiduciary "when taking the action subject to complaint." *Pegram v. Hedrich*, 530 U.S. 211, 226 (2000). This

requirement "is rooted in the text of ERISA's definition of fiduciary." *Lockheed Corp. v. Spink*, 517 U.S. 882, 890 (1996).

> ERISA provides:

> a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). The "rules regarding fiduciary capacity—including the settlor-fiduciary distinction—[] apply to pension and welfare plans alike." *Spink*, 517 U.S. at 891.

When defining the scope of fiduciary duties under ERISA, courts have drawn a distinction between the actions taken as a fiduciary and those taken as a settlor. Fiduciary duties "consist of such actions as the administration of the plan's assets." *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 444 (1999); *see also John Hancock Mut. Life Ins. Co. v. Harris Trust & Sav. Bank*, 510 U.S. 86, 106 (1993) ("[A]ctions in regard to [plan assets'] management and disposition must be judged against ERISA's fiduciary standards"). In contrast, decisions made "regarding the form or structure of the Plan" qualify as settlor duties. *Hughes Aircraft*, 525 U.S. at 444; *see also Coulter v. Morgan Stanley & Co. Inc.*, 753 F.3d 361, 367 (2d Cir. 2014) ("'Settlor' functions, in contrast, include conduct such as establishing, funding, amending, or terminating a plan.").

The Court finds the decision to allocate forfeited amounts constitutes a fiduciary, not settlor, function. Although the Court agrees with Honeywell that the Plan *terms* are design decisions made in a settlor capacity, Br. at 19; Plan § 7.3, Barragan challenges Honeywell's *decision* to *use* forfeited amounts to reduce employer contributions rather than a different authorized option. Barragan alleges Honeywell "continuously breached th[e] duty of loyalty . . .

by utilizing forfeited funds in the Plan for the benefit of the Company rather than solely in the interest of the participants and beneficiaries." Compl. ¶ 31. Additionally, Barragan alleges Honeywell has "continuously breached their duty of prudence . . . by failing to use the forfeited funds in the plan to eliminate or reduce the administrative expenses charged to participant accounts and instead using such Plan assets to reduce the Company's own contributions to the Plan." *Id.* ¶ 37. As such, Barragan attacks Honeywell's decision to utilize one of the options allowed in the Plan (reduce employer contributions), rather than another permitted option (reduce the administrative expenses charged to participants' accounts). *Walling v. Brady*, 125 F.3d 114, 119-20 (3d Cir. 1997) (noting that when an "administrator is making a choice reserved to it by the plan document in administering the plan, not tinkering with the document itself," the employer "assume[s] fiduciary status"). Accordingly, the Court finds that Barragan has sufficiently alleged Honeywell acted as a fiduciary.

### B.    Barragan Fails to Allege Breaches of Fiduciary Duties[5]

Honeywell argues that it has not breached any fiduciary duties (Counts I and II) because it complied with the Plan and U.S. Department of Treasury regulations. Br. at 21-24. Barragan

---

[5] The Court disagrees with Honeywell that U.S. Department of Treasury regulations bar Barragan's theory of liability. Br. at 10-16. 26 C.F.R. § 1.401-7(a) provides, in pertinent part, that forfeitures "must be used as soon as possible to reduce the employer's contributions under the plan." However, 26 C.F.R. § 1.401-7(a) does not apply to stock bonus plans, like the Plan. *See* Rev. Rul. 71-313, 1971-2 C.B. 203 (1971) (stating 26 C.F.R. § 1.401-7 "does not extend to profit-sharing and stock bonus plans"); Plan § 1.4; *Finnerty v. Stiefel Labs., Inc.*, 756 F.3d 1310, 1323 (11th Cir. 2014) ("[S]tock bonus plans are considered defined contribution pension plans."). Additionally, a proposed regulation permitting forfeitures to reduce employer contributions, *see* Use of Forfeitures in Qualified Retirement Plans, 88 Fed. Reg. 12282-01 (proposed Feb. 27, 2023), does not foreclose liability as it applies only to "plan years beginning on or after January 1, 2024," and Barragan challenges the use of forfeited amounts from 2018 to 2022. *See id.* at 12284; Compl. ¶¶ 18-22, 25; *see also Doe v. Princeton Univ.*, No. 18-16539, 2019 WL 161513, at *8 (D.N.J. Jan. 9, 2019) ("Proposed Regulations are merely proposals and do not have the force of law.").

counters that the Complaint adequately pleads claims for breach regardless of whether Honeywell complied with the terms of the Plan. Opp'n at 15-22. The Court agrees with Honeywell.

A claim for fiduciary breach has three elements: "(1) a plan fiduciary (2) breaches an ERISA-imposed duty (3) causing a loss to the plan." *Leckey v. Stefano*, 501 F.3d 212, 225-26 (3d Cir. 2007), *as amended* (Dec. 21, 2007). As noted *supra*, the Complaint adequately alleges Honeywell acted as a fiduciary. With respect to the second element, ERISA imposes a duty of loyalty, *see* § 1104(a)(1)(A), and a duty of prudence, *see* § 1104(a)(1)(B).

Specifically, in accordance with the duty of loyalty, a fiduciary must "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries," "provid[e] benefits to participants and their beneficiaries," and "defray[] reasonable expenses of administering the plan." § 1104(a)(1)(A). ERISA fiduciaries are also held to the "prudent man" standard of care, which requires fiduciaries to exercise "the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." § 1104(a)(1)(B). Furthermore, fiduciaries are required to discharge their duties with respect to a plan "in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of [ERISA]." § 1104(a)(1)(D).

The parties seem to agree that § 7.3 of the Plan authorized Honeywell's decision to allocate forfeited amounts to reduce employer contributions. *See* Opp'n at 15; Reply at 9. Rather, the parties dispute whether the allocation of forfeited amounts to reduce employer contributions, as opposed to defraying administrative expenses, violates the fiduciary duties of loyalty and

prudence.  The parties do not cite any binding authority addressing this theory, nor has the Court found any.  Instead, they rely on out-of-circuit, non-precedential opinions.[6]

The Court finds *Hutchins* persuasive and agrees that "Plaintiff's theory of liability has broad reach, and it is the theory's breadth that makes it implausible."  2024 WL 3049456, at *6. The crux of Barragan's allegations is that *any* time a fiduciary is given the option to use forfeited amounts to either reduce employer contributions or pay administrative costs, the fiduciary *must* choose the latter.  "But the flaw in such a theory is that it is not limited to any particular circumstances that may be present in this case."  *Id.*

In *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 418-19 (2014), the Supreme Court held that there is no presumption of prudence favoring fiduciaries in employee stock ownership plans ("ESOP").[7]  It emphasized that "the content of the duty of prudence turns on 'the circumstances . . . prevailing' at the time the fiduciary acts."  *Id.* at 425 (quoting § 1104(a)(1)(B)). The Supreme Court rejected as implausible "allegations that a fiduciary should have recognized from publicly available information alone that the market was over- or undervaluing the stock." *Id.* at 426.  But the Court left open the possibility that the plaintiff might "point[] to a special circumstance affecting the reliability of the market price . . . that would make reliance on the market's valuation imprudent."  *Id.* at 427.

The Court agrees with the *Hutchins* court that "Plaintiff's theory is in tension with the Supreme Court's analysis in *Dudenhoeffer*, which emphasizes that the plausibility of allegations

---

[6] D.E. 55 (Barragan's supplemental authority of *Rodriguez v. Intuit Inc.*, No. 23-5053, 2024 WL 3755367 (N.D. Cal. Aug. 12, 2024)); Reply at 2 (citing *Hutchins v. HP Inc.*, No. 23-5875, 2024 WL 3049456 (N.D. Cal. June 17, 2024); *Perez-Cruet v. Qualcomm Inc.*, No. 23-1890, 2024 WL 2702207 (S.D. Cal. May 24, 2024)).

[7] An ESOP is "a type of pension plan that invests primarily in the stock of the company that employs the plan participants."  *Dudenhoeffer*, 573 U.S. at 412.

8

of breach of fiduciary duty should consider the context and circumstances of the fiduciary's actions." *Hutchins*, 2024 WL 3049456, at \*6.  Barragan's broad theory would "require any fiduciary to use forfeited amounts to pay administrative costs regardless of any such context or circumstances." *Id.*  Accordingly, the Court will **DISMISS** Barragan's breach of the duty of loyalty and duty of prudence claims (Counts I and II) *without prejudice*.  *See Dudenhoeffer*, 573 U.S. at 427 ("We do not here consider whether a plaintiff could nonetheless plausibly allege imprudence on the basis of publicly available information by pointing to a special circumstance affecting the reliability of the market price."); *Hutchins*, 2024 WL 3049456, at \*7 (granting leave to amend to narrow breach of fiduciary claims).

### C.     Barragan Fails to Allege a Violation ERISA's Anti-Inurement Provision

ERISA's anti-inurement provision provides that, absent specific enumerated exceptions, "the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan."  29 U.S.C § 1103(c)(1).  Honeywell argues Barragan fails to state a violation of the provision (Count III) as the forfeited amounts have not been removed from the Plan and are merely reallocated to provide other Plan participants with benefits.  Br. at 24-28.  Barragan counters that Honeywell's use of forfeited amounts violates the anti-inurement provision because it is using the Plan assets to forgive its debts to the Plan.  Opp'n at 22-26.  The Court finds Barragan's argument unpersuasive.

The provision "focuses exclusively on whether fund assets were used to pay pension benefits to plan participants." *Hughes Aircraft*, 525 U.S. at 442; *see also Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon*, 541 U.S. 1, 22 (2004) ("The [anti-inurement] provision demands only that plan assets be held for supplying benefits to plan participants.").  "'[T]he legislative history involving the [anti-inurement provision] indicates congressional concern over

the wrongful diversion of trust assets and the administrative integrity of benefit plans.'" *Wolk v. Unum Life Ins. of Am.*, 186 F.3d 352, 358 (3d Cir. 1999) (quoting *Prudential Ins. Co. v. Doe*, 76 F.3d 206, 209 (8th Cir. 1996)). When a plaintiff "do[es] not allege that [the defendant] used any of the assets for a purpose other than to pay its obligations to the Plan's beneficiaries, [the defendant] could not have violated the anti-inurement provision." *Hughes Aircraft*, 525 U.S. at 443. In *Hughes Aircraft*, the Supreme Court held that an employer did not violate the anti-inurement provision when it used surplus plan assets "from the contributory structure to add the noncontributory structure" because the plan assets were used "for the sole purpose of paying pension benefits to Plan participants" and the employer "satisfied its continuing obligation under the provisions of the Plan and ERISA to assure that the Plan was adequately funded." *Id.* at 442.[8]

Here, the Complaint alleges that the forfeited amounts were utilized "as a substitute for the Company's own contributions to the Plan," indicating they remain part of the Plan assets and are used to benefit the Plan's beneficiaries. Compl. ¶ 45. Essentially, Barragan alleges the forfeitures, which remain in the Plan, fund Honeywell's contribution obligations for other Plan participants. As these forfeited amounts do not leave the Plan and are used to satisfy Honeywell's obligations according to the Plan's language, the Court finds Honeywell is not acting in violation of the anti-

---

[8] Like the *Hutchins* court, this Court disagrees that *Hughes Aircraft* is distinguishable because it "considered a defined benefit plan, which does not give participants any entitlement to a plan's surplus funds," rather than a defined contribution plan. 2024 WL 3049456, at *8 (citing *Perez-Cruet*, 2024 WL 2702207, at *4)). Participants of defined contribution plans are entitled "to 'whatever assets are dedicated to his individual account.'" *Id.* (quoting *Hughes Aircraft*, 525 U.S. at 439). "This entitlement does not include forfeited amounts from the accounts of other participants unless they are allocated to the participant's account." *Id.* (citing 29 U.S.C § 1002(35)). As such, a defined contribution account does not automatically entitle a participant to forfeited amounts unless specifically allocated to the account and *Hughes Aircraft*'s treatment of surplus amounts is persuasive.

inurement provision.[9]   Accordingly, the Court will **DISMISS** Count III *without prejudice*.  *See Hutchins*, 2024 WL 3049456, at \*9 (granting the plaintiff leave to amend to "allege further facts showing that forfeited amounts were reverted or diverted to HP and/or that forfeited amounts were used to offset outstanding and unpaid obligations.").

### D.    The Complaint Fails to Allege Claims for Prohibited Transactions

Finally, Honeywell argues Barragan's claims for prohibited transactions under § 1106(a)(1) and (b)(1) (Counts IV and V) fail because he fails to allege a transaction between the Plan and another party; rather, Barragan only alleges that "forfeitures stay in the Plan and are reallocated to other participant accounts to provide benefits under the Plan's terms," which "is neither 'prohibited' nor a transaction'" under ERISA.  Br. at 28-29.  Barragan argues he has alleged a transaction by asserting Honeywell has "used forfeited funds in the Plan as a substitute for Honeywell's required contributions."  Opp'n at 27 (cleaned up).  Additionally, Barragan argues he has stated a claim for self-dealing as § 1106(b)(1) does not require a transaction.  *Id.* at 29-30.

Section 1106(a) "erects a categorical bar to transactions between the plan and a 'party in interest' deemed likely to injure the plan."  *Nat'l Sec. Sys. v. Iola*, 700 F.3d 65, 82 (3d Cir. 2012).  Relevant here, § 1106(a)(1) provides:

---

[9] The Court finds Barragan's authorities inapposite, as they focus on instances where employers used plan assets to forgive an employer's debts to the plan.  *See* Opp'n at 23-25.  For example, *Holland ex rel. UMWA 1992 Benefit Plan v. Arch Coal*, 947 F.3d 812 (D.C. Cir. 2020) involved an employer's requirement under the Coal Industry Retiree Health Benefit Act ("Coal Act") "to provide security to a pension benefit plan after a successor to the plan filed for bankruptcy." *Hutchins*, 2024 WL 3049456, at \*8 (citing *id.* at 814-15, 819).  The court in *Chao v. Malkani*, 452 F.3d 290, 297 (4th Cir. 2006) found the defendant employer's request for reimbursement violated the anti-inurement provision because it would have "[o]btain[ed] [p]lan assets for contributions made many years in the past."  These cases, in sum, involved outstanding and unpaid amounts that were owed by the respective defendants.  Here, Barragan does not allege Honeywell has failed to pay any amounts owed to Plan participants.  Rather, Barragan argues "[w]hen Honeywell allocated forfeitures to reduce its contributions in years 2018 to 2022, 'old money' already in the Plan was recycled and substituted for 'new money' that was supposed to come into the Plan."  Opp'n at 26.

A fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect--

    (A) sale or exchange, or leasing, of any property between the plan and a party in interest;

    (B) lending of money or other extension of credit between the plan and a party in interest;

    (C) furnishing of goods, services, or facilities between the plan and a party in interest;

    (D) transfer to, or use by or for the benefit of a party in interest, of any assets of the plan; or

    (E) acquisition, on behalf of the plan, of any employer security or employer real property in violation of section 1107(a) of this title.

Additionally, § 1106(b)(1) prohibits a fiduciary from "deal[ing] with the assets of the plan in his own interest or for his own account." This prohibition applies "regardless of whether the transaction is 'fair' to the plan." *Reich v. Compton*, 57 F.3d 270, 288 (3d Cir. 1995). The purpose of Section 1106(b) is to "prevent[] a fiduciary from being put in a position where he has dual loyalties and, therefore, he cannot act exclusively for the benefit of a plan's participants and beneficiaries." *Id.* at 287 (quoting H.R. Conf. Rep. No. 93-1280, 93rd Cong., 2d Sess. (1974), *reprinted in* 1974 U.S.C.C.A.N. 5038, 5089). Therefore, in order to allege a violation of either § 1106(a)(1) or (b)(2), the Complaint must allege an unlawful transaction. *See Spink*, 517 U.S. at 888.

The Complaint fails to plausibly allege a prohibited transaction. In *Spink*, the Supreme Court expressly stated that "the payment of benefits is in fact not a 'transaction' in the sense that Congress used that term in § 406(a)." 517 U.S. at 892-93. Rather, the types of "commercial bargains" set forth in Section 1106(a) "are commercial bargains that present a special risk of plan underfunding because they are struck with plan insiders, presumably not at arm's length." *Id.* at

12

893. The Court expressed these "'transactions' . . . generally involve uses of plan assets that are potentially harmful to the plan." *Id.*

As stated above, the allegations demonstrate that the forfeited amounts remain as Plan assets and are reallocated to other Plan participants. Additionally, the allegations do not fall within the categories the Supreme Court cautioned about because Barragan does not allege any facts indicating the reallocation of the forfeited amounts exposed the Plan to "a special risk of plan underfunding." *Id.*

Barragan urges the Court to rely upon *Comm'r v. Keystone Consol. Indus., Inc.*, 508 U.S. 152 (1993). Opp'n at 28. However, *Keystone* is distinguishable as it dealt with a traditional commercial transaction. 508 U.S. at 158-59. In *Keystone*, the defendant employer contributed five truck terminals and a Key West, Florida real property to a defined benefit plan to satisfy its funding obligation. *Id.* at 153-55, 158. The Supreme Court held this constituted a "sale or exchange" prohibited by the Internal Revenue Code because it involved "the transfer of property in satisfaction of a debt." *Id.* at 159. Furthermore, Barragan urges the Court to find Section 1106(b) does not require allegations of a transaction, but fails to cite any binding authority. Opp'n at 29-30.

Accordingly, the Court will **DISMISS** Counts IV and V *without prejudice*.

## V.    CONCLUSION

For the above reasons, the Court will **GRANT** Defendant's Motion, D.E. 45, and **DISMISS** the Complaint, D.E. 1, *without prejudice*. An appropriate Order follows.

Dated: 12/19/2024

Evelyn Padin, U.S.D.J.

**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUCIANO BARRAGAN, individually and as a representative of a class of participants and beneficiaries on behalf of the Honeywell 401(k) Plan,<br><br>    Plaintiff,<br><br>    v.<br><br>HONEYWELL INTERNATIONAL INC., and DOES 1 to 10 inclusive,<br><br>    Defendants. | No. 24cv4529 (EP) (JRA)<br><br>**ORDER** |

Defendant Honeywell International Inc. moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). D.E. 45. Having reviewed the parties' submissions and all other relevant items on the docket, and having determined that oral argument is not necessary,

**IT IS**, on this **19th** day of **December** 2024, for the reasons set forth in the accompanying Opinion,

**ORDERED** that Defendant's Motion, D.E. 45, is **GRANTED**; and it is further

**ORDERED** that the Complaint, D.E. 1, is **DISMISSED** *without prejudice*; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days from this Order to file an amended complaint that cures the deficiencies set forth in the accompanying Opinion; and it is finally

**ORDERED** that failure to do so may result in a dismissal *with prejudice*.

*Evelyn Padin*

Evelyn Padin, U.S.D.J.